**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LESLIE DENNIS MANNON and SHELIA LYNN MANNON,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 6:26-CV-03518-MDH** |
| **CITY OF LEBANON, MISSOURI,** | ) | |
| **Defendant.** | ) | |

## ANSWER TO COMPLAINT

COME NOW Defendant, City of Lebanon, by and through its counsel, Ellis Ellis Hammons & Johnson, P.C. and for its Answer to Plaintiffs' Complaint states and avers as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant lacks sufficient information with which to admit or deny the averments in paragraph 1 Plaintiffs' Complaint for Damages and therefore denies the same.

2. Defendant denies it is currently possessing and exercising the power of eminent domain as it relates to Plaintiffs and their property, but admits it is a municipal organization organized under the laws of the State of Missouri as alleged in paragraph 2 of Plaintiffs' Complaint for Damages.

3. Defendant admits jurisdiction is proper in this Court but denies all remaining averments set forth in paragraph 3 of Plaintiffs' Complaint for Damages.

4. Defendant admits venue is proper in this Court but denies all remaining averments set forth in paragraph 4 of Plaintiffs' Complaint for Damages.

5. Defendant denies the averments set forth in paragraph 5 of Plaintiffs' Complaint for Damages as they are irrelevant to the alleged cause of action.

## FACTS COMMON TO ALL COUNTS

6. Defendant lacks sufficient information with which to admit or deny the averments in paragraph 6 Plaintiffs' Complaint for Damages and therefore denies the same.

7. Defendant admits that it controls the City's public streets and infrastructure but denies the remaining averments set forth in paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits the averments set forth in paragraph 8 of Plaintiffs' Complaint.

9. Defendant denies the averments set forth in paragraph 9 of Plaintiffs' Complaint.

10. Defendant denies the averments set forth in paragraph 10 of Plaintiffs' Complaint.

11. Defendant states the referenced letter speaks for itself and further denies all remaining averments set forth in paragraph 11 of Plaintiffs' Complaint.

12. Defendant states the engineering report speaks for itself and further denies all remaining averments set forth in paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the averments set forth in paragraph 13 of Plaintiffs' Complaint.

14. Defendant denies the averments set forth in paragraph 14 of Plaintiffs' Complaint.

15. Defendant states the response to the Sunshine Law Request by the City speaks for itself and further denies all remaining averments set forth in paragraph 15 of Plaintiffs' Complaint.

16. Defendant states the response to the Sunshine Law Request by the City speaks for itself and further denies all remaining averments set forth in paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the averments set forth in paragraph 17 of Plaintiffs' Complaint.

18. Defendant states the engineering report speaks for itself and further denies all remaining averments set forth in paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the averments set forth in paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the averments set forth in paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies the averments set forth in paragraph 21 of Plaintiffs' Complaint.

**COUNT I: [ALLEGED] INVERSE CONDEMNATION**

22. Defendant restates its answers and denials to each averment set forth in paragraphs 1 through 21 of Plaintiffs' Complaint for Damages as though set out in full and incorporates the same herein by reference.

23. Defendant states paragraph 23 of Plaintiffs' Complaint is a legal conclusion to which no response is required. To the extent the Court determines a response is required, Defendant denies the same.

24. Defendant admits the averments set forth in paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the averments set forth in paragraph 25 of Plaintiffs' Complaint. Further answering, paragraph 25 of Plaintiffs' Complaint includes numerous legal conclusions to which no response is required.

26. Defendant denies the averments set forth in paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the averments set forth in paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the averments set forth in paragraph 28 of Plaintiffs' Complaint.

**WHEREFORE,** having fully answered Count I of Plaintiffs' Complaint, Defendant requests that judgment be entered in its favor and against Plaintiffs on each count and further requests the Court to award Defendant its costs and attorney's fees in this action.

**COUNT II: [ALLEGED] TAKING WITHOUT JUST COMPENSATION**

29. Defendant restates its answers and denials to each averment set forth in paragraphs 1 through 28 of Plaintiffs' Complaint for Damages as though set out in full and incorporates the same herein by reference.

30. Defendant states paragraph 30 of Plaintiffs' Complaint is a legal conclusion to which no response is required. To the extent the Court determines a response is required, Defendant denies the same.

31. Defendant admits the averments set forth in paragraph 31 of Plaintiffs' Complaint.

32. Defendant denies the averments set forth in paragraph 32 of Plaintiffs' Complaint. Further answering, paragraph 32 of Plaintiffs' Complaint includes numerous legal conclusions to which no response is required.

33. Defendant denies the averments set forth in paragraph 33 of Plaintiffs' Complaint.

34. Defendant denies the averments set forth in paragraph 34 of Plaintiffs' Complaint.

35. Defendant denies the averments set forth in paragraph 35 of Plaintiffs' Complaint.

**WHEREFORE,** having fully answered Count II of Plaintiffs' Complaint, Defendant requests that judgment be entered in its favor and against Plaintiffs on each count and further requests the Court to award Defendant its costs and attorney's fees in this action.

## PRAYER FOR RELIEF

A. Defendant denies the averments set forth in paragraph (A) of Plaintiffs' Prayer for Relief.

B. Defendant denies the averments set forth in paragraph (B) of Plaintiffs' Prayer for Relief.

C. Defendant denies the averments set forth in paragraph (C) of Plaintiffs' Prayer for Relief.

D. Defendant denies the averments set forth in paragraph (D) of Plaintiffs' Prayer for Relief.

**WHEREFORE,** having fully answered Count I and Count II of Plaintiffs' Complaint, Defendant requests that judgment be entered in its favor and against Plaintiffs on each count and further requests the Court to award Defendant its costs and attorney's fees in this action.

**AFFIRMATIVE DEFENSE**

1. Further answering, Defendant states Plaintiffs have failed to state a claim upon which relief can be granted.

2. Further answering Defendant states all claims set forth in Plaintiffs' Complaint are barred by the doctrines of acquiescence, waiver, laches, estoppel, and unclean hands.

3. Further answering, Defendant states Plaintiffs' claims are barred by accord and satisfaction.

4. Further answering, Defendant states Plaintiffs failed to mitigate their damages.

5. Further answering, Defendant states Plaintiffs have failed to plead their state claims and federal claims in the alternative and that Plaintiffs are not entitled to relief under both.

6. Defendant reserves the right to assert any additional affirmative defenses as may be revealed during the course of discovery.

Respectfully submitted,

**ELLIS, ELLIS, HAMMONS & JOHNSON, P.C.**

By: *_/s/ Rachel A. Riso_*

Rachel A. Riso MBN: 57145
rriso@eehjfirm.com
2808 S. Ingram Mill Road, Suite A104
Springfield, MO 65804
Phone: 417-866-5091
Fax: 417-866-1064
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2026, I electronically filed a true and correct copy of this document with the Clerk of the United States District Court, Western District of Missouri, by using the Missouri e-Filing System. Participants in the case who are registered users will be served by the Missouri e-Filing System. A copy was also mailed to:

Leslie Dennis Mannon and Sheila Lynn Mannon
25641 Ortega Drive
Lebanon, MO 65536
Pro-Se Plaintiffs

*/s/ Rachel A. Riso*________________________
Attorney of Record