**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LESLIE DENNIS MANNON and<br>SHELIA LYNN MANNON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LEBANON, MISSOURI,<br>a municipal corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03518-MDH |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COME NOW Plaintiffs Leslie Dennis Mannon and Shelia Lynn Mannon, proceeding pro se, and respectfully move this Court, pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1, for leave to file their proposed Second Amended Complaint, attached hereto as Exhibit A. In support, Plaintiffs state:

1. Plaintiffs filed their Complaint in this action on August 21, 2026 (Doc. 1). Defendant City of Lebanon, Missouri, was served on August 24, 2026, and, with leave of Court, filed its Answer on September 25, 2026 (Doc. 5).

2. On October 16, 2026, within 21 days after service of the Answer, Plaintiffs filed their First Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). Under Fed. R. Civ. P. 15(a)(3), Defendant's response to the First Amended Complaint is not yet due.

3. Plaintiffs now seek leave of Court under Fed. R. Civ. P. 15(a)(2) to file the proposed Second Amended Complaint attached as Exhibit A.

4. Concise statement of the amendment (Local Rule 15.1(a)(1)). The proposed Second Amended Complaint makes the following changes to the First Amended Complaint and no others: (a) paragraph 20 is revised to delete the claim for "the business income lost by Mannon Metal Works" and the reference to "capital already invested in fabrication equipment" as elements of Plaintiffs' damages, and to restate Plaintiffs' loss-of-use damages as damages claimed in their capacity as owners of the Property, measured as set forth in Counts I and II; (b) paragraph 23 is revised to state that Mannon Metal Works LLC is not a party to this action and that Plaintiffs do not seek recovery for any loss sustained by that company, to describe accurately which equipment Plaintiff Leslie Dennis Mannon purchased personally and which the company financed, and to make clear that the facts alleged in that paragraph are offered to show that Plaintiffs' intended use of the Property was concrete and underway; (c) paragraph 6 is conformed by deleting the reference to a business and referring instead to metal-fabrication work; and (d) the introductory paragraph and the title are conformed. The amendment adds no party, no claim, and no theory of liability. Counts I and II, the prayer for relief, the jury demand, and Exhibits A, B, and C are unchanged.

5. Reason for the amendment. Plaintiffs, proceeding without counsel, recognized on October 18, 2026 that paragraphs 20 and 23 of the First Amended Complaint, as drafted, could be read to assert a claim for losses sustained by Mannon Metal Works LLC, a separate legal entity that is not a party to this action and that Plaintiffs do not and cannot represent. Plaintiffs do not intend to assert any claim on behalf of that entity. The amendment removes the ambiguity and narrows the damages Plaintiffs claim.

6. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason" such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave "should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). None of those reasons is present. Plaintiffs bring this motion within days of identifying the issue; this is Plaintiffs' first request for leave to amend; no scheduling order has been entered and no discovery has been taken; Defendant's response to the First Amended Complaint is not yet due; and the amendment narrows rather than expands the claims against Defendant, so Defendant cannot be prejudiced by it. The amendment is not futile, because it clarifies claims already pleaded rather than adding any.

7. As required by Local Rule 15.1(a), Plaintiffs have set forth a concise statement of the amendment sought in paragraph 4 above, have attached the proposed pleading as Exhibit A, and file Suggestions in Support contemporaneously herewith in accordance with Local Rule 7.0.

8. If leave is granted, Plaintiffs will file and serve the Second Amended Complaint, with its Exhibits A, B, and C, within 7 days as Local Rule 15.1(b) requires, and Defendant may respond to it within the time provided by Fed. R. Civ. P. 15(a)(3) in lieu of responding to the First Amended Complaint.

WHEREFORE, Plaintiffs respectfully request that the Court grant them leave to file the Second Amended Complaint attached as Exhibit A, and for such other and further relief as the Court deems just and proper.

Dated: October 18, 2026

Respectfully submitted,

Leslie Dennis Mannon

Leslie Dennis Mannon, Pro Se
25641 Ortega Drive, Lebanon, MO 65536
573-703-3727
dmansr@gmail.com

Shelia Lynn Mannon

Shelia Lynn Mannon, Pro Se
25641 Ortega Drive, Lebanon, MO 65536
573-620-2016
shelia.mannon@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I submitted the foregoing Plaintiffs' Motion for Leave to File Second Amended Complaint, with Exhibit A, and Plaintiffs' Suggestions in Support, to the Clerk of the Court through the Court's Electronic Document Submission System for filing in the CM/ECF system on the date it was submitted, and that the CM/ECF system will send a notice of electronic filing to counsel of record for Defendant City of Lebanon, Missouri, a registered CM/ECF user: Rachel A. Riso, Spencer Fane LLP, 2144 East Republic Road, Suite B300, Springfield, Missouri 65804, rriso@spencerfane.com.

Leslie Dennis Mannon

Leslie Dennis Mannon, Pro Se