IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE DENNIS MANNON and SHELIA LYNN MANNON, | ) | Case No. 6:26-cv-03518-MDH |
| Plaintiffs, | ) | |
| v. | ) | |
| CITY OF LEBANON, MISSOURI, a municipal corporation, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs Leslie Dennis Mannon and Shelia Lynn Mannon, proceeding pro se, submit these Suggestions in Support of their Motion for Leave to File Second Amended Complaint pursuant to Local Rule 7.0(a).

## I. INTRODUCTION

This is Plaintiffs' first request for leave to amend. Plaintiffs' First Amended Complaint was filed as a matter of course on October 16, 2026. No scheduling order has been entered, the Rule 26(f) conference has not yet been held, no discovery has been taken, and Defendant's response to the First Amended Complaint is not yet due. The proposed Second Amended Complaint changes four paragraphs. It deletes a claim for business income lost by Mannon Metal Works, a limited liability company that is not a party, states expressly that no recovery is sought for that company's losses, and restates Plaintiffs' loss-of-use damages as damages claimed by Plaintiffs as owners of the Property. It adds no party, no claim, and no theory. Leave should be granted.

## II. LEGAL STANDARD

Once the period for amendment as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has instructed that this mandate "is to be heeded," and that "[i]n the absence of any apparent or declared reason" such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave "should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. ARGUMENT

None of the Foman reasons for denying leave is present.

No undue delay or dilatory motive. Plaintiffs identified the issue on October 18, 2026, two days after filing the First Amended Complaint, and moved promptly. The case is at its earliest stage.

No repeated failure to cure. This is Plaintiffs' first motion for leave to amend. The First Amended Complaint was filed as of right under Rule 15(a)(1)(B), not by leave.

No prejudice to Defendant. The amendment narrows the damages claimed against Defendant. It removes a claim for the lost income of a non-party entity and the reference to capital invested in equipment as an element of damages, and it states that Plaintiffs seek nothing on that entity's behalf. Defendant has not yet responded to the First Amended Complaint and may respond to the Second Amended Complaint in its place within the time Rule 15(a)(3) provides. No discovery has been served, and no deadline is affected.

No futility. The amendment does not add a claim that could be challenged as futile. It clarifies the damages Plaintiffs already claim under Counts I and II, which remain unchanged, and brings the pleading into line with the rule that a party may sue only for its own injuries. The remaining factual allegations about Plaintiffs' preparations for the planned shop are retained because they bear on whether Plaintiffs' intended use of the Property was concrete, a fact relevant to the loss-of-use measure of damages pleaded in Count I under Byrom v. Little Blue Valley Sewer District, 16 S.W.3d 573, 577-78 (Mo. banc 2000), and in Count II.

Good faith. Plaintiffs bring this motion to correct their own pleading before Defendant responds to it and before any discovery, which is the course that best conserves the resources of the Court and the parties.

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to File Second Amended Complaint and permit them to file the Second Amended Complaint attached to the Motion as Exhibit A.

Dated: October 18, 2026

Respectfully submitted,

Leslie Dennis Mannon
Leslie Dennis Mannon, Pro Se
25641 Ortega Drive, Lebanon, MO 65536
573-703-3727
dmansr@gmail.com

Shelia Lynn Mannon
Shelia Lynn Mannon, Pro Se
25641 Ortega Drive, Lebanon, MO 65536
573-620-2016
shelia.mannon@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I submitted the foregoing Plaintiffs' Suggestions in Support of Motion for Leave to File Second Amended Complaint to the Clerk of the Court through the Court's Electronic Document Submission System for filing in the CM/ECF system on the date it was submitted, and that the CM/ECF system will send a notice of electronic filing to counsel of record for Defendant City of Lebanon, Missouri, a registered CM/ECF user: Rachel A. Riso, Spencer Fane LLP, 2144 East Republic Road, Suite B300, Springfield, Missouri 65804, rriso@spencerfane.com.

Leslie Dennis Mannon
_______________________________
Leslie Dennis Mannon, Pro Se