**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LESLIE DENNIS MANNON and SHELIA LYNN MANNON,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 6:26-CV-03518-MDH** |
| **CITY OF LEBANON, MISSOURI,** | ) | |
| **Defendant.** | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

COMES NOW Defendant, City of Lebanon, by and through its counsel, Spencer Fane, LLP and for its Answer to Plaintiffs' Second Amended Complaint states and avers as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant lacks sufficient information with which to admit or deny the averments in paragraph 1 Plaintiffs' Second Amended Complaint for Damages and therefore denies the same.

2. Defendant admits the averments set forth in paragraph 2 of Plaintiffs' Second Amended Complaint for Damages.

3. Defendant admits jurisdiction is proper in this Court but denies all remaining averments set forth in paragraph 3 of Plaintiffs' Second Amended Complaint for Damages.

4. Defendant admits venue in this Court is proper but denies all remaining averments set forth in paragraph 4 of Plaintiffs' Second Amended Complaint for Damages.

5. Defendant denies the averments set forth in paragraph 5 of Plaintiffs' Second Amended Complaint for Damages as they are irrelevant to the alleged cause of action.

## FACTS COMMON TO ALL COUNTS

6. Defendant lacks sufficient information with which to admit or deny the averments in paragraph 6 Plaintiffs' Second Amended Complaint for Damages and therefore denies the same.

7. Defendant admits that it controls the City's public streets and infrastructure but denies the remaining averments set forth in paragraph 7 of Plaintiffs' Second Amended Complaint for Damages.

8. Defendant admits the averments set forth in paragraph 8 of Plaintiffs' Second Amended Complaint for Damages.

9. Defendant denies the averments set forth in paragraph 9 of Plaintiffs' Second Amended Complaint for Damages.

10. Defendant denies the averments set forth in paragraph 10 of Plaintiffs' Second Amended Complaint for Damages.

11. Defendant states the referenced letter speaks for itself and further denies all remaining averments set forth in paragraph 11 of Plaintiffs' Second Amended Complaint for Damages.

12. Defendant states the engineering report speaks for itself and further denies all remaining averments set forth in paragraph 12 of Plaintiffs' Second Amended Complaint for Damages.

13. Defendant denies the averments set forth in paragraph 13 of Plaintiffs' Second Amended Complaint for Damages.

14. Defendant denies the averments set forth in paragraph 14 of Plaintiffs' Second Amended Complaint for Damages.

15. Defendant states the response to the Sunshine Law Request by the City speaks for itself and further denies all remaining averments set forth in paragraph 15 of Plaintiffs' Second Amended Complaint for Damages.

16. Defendant states the response to the Sunshine Law Request by the City speaks for itself and further denies all remaining averments set forth in paragraph 16 of Plaintiffs' Second Amended Complaint for Damages.

17. Defendant denies the averments set forth in paragraph 17 of Plaintiffs' Second Amended Complaint for Damages.

18. Defendant states the engineering report speaks for itself and further denies all remaining averments set forth in paragraph 18 of Plaintiffs' Second Amended Complaint for Damages.

19. Defendant denies the averments set forth in paragraph 19 of Plaintiffs' Second Amended Complaint for Damages.

20. Defendant denies the averments set forth in paragraph 20 of Plaintiffs' Second Amended Complaint for Damages.

21. Defendant denies the averments set forth in paragraph 21 of Plaintiffs' Second Amended Complaint for Damages.

22. Defendant denies the averments set forth in paragraph 22 of Plaintiffs' Second Amended Complaint for Damages.

23. Defendant lacks sufficient information with which to admit or deny the averments set forth in paragraph 23 of Plaintiffs' Second Amended Complaint for Damages and therefore denies the same.

24. Defendant states the engineering report speaks for itself and further denies all remaining averments set forth in paragraph 24 of Plaintiffs' Second Amended Complaint for Damages.

**COUNT I: [ALLEGED] INVERSE CONDEMNATION**

25. Defendant restates its answers and denials to each averment set forth in paragraphs 1 through 24 of Plaintiffs' Second Amended Complaint for Damages as though set out in full and incorporates the same herein by reference.

26. Defendant states paragraph 26 of Plaintiffs' Second Amended Complaint for Damages is a legal conclusion to which no response is required. To the extent the Court determines a response is required, Defendant denies the same.

27. Defendant admits the averments set forth in paragraph 27 of Plaintiffs' Second Amended Complaint for Damages.

28. Defendant denies the averments set forth in paragraph 28 of Plaintiffs' Second Amended Complaint for Damages. Further answering, paragraph 28 of Plaintiffs' Second Amended Complaint for Damages includes numerous legal conclusions to which no response is required.

29. Defendant denies the averments set forth in paragraph 29 of Plaintiffs' Second Amended Complaint for Damages.

30. Defendant denies the averments set forth in paragraph 30 of Plaintiffs' Second Amended Complaint for Damages.

31. Defendant denies the averments set forth in paragraph 31 of Plaintiffs' Second Amended Complaint for Damages.

**WHEREFORE,** having fully answered Count I of Plaintiffs' Second Amended Complaint for Damages, Defendant requests that judgment be entered in its favor and against Plaintiffs on each count and further requests the Court to award Defendant its costs and attorney's fees in this action.

## COUNT II: [ALLEGED] TAKING WITHOUT JUST COMPENSATION

32. Defendant restates its answers and denials to each averment set forth in paragraphs 1 through 31 of Plaintiffs' Second Amended Complaint for Damages as though set out in full and incorporates the same herein by reference.

33. Defendant states paragraph 33 of Plaintiffs' Second Amended Complaint for Damages is a legal conclusion to which no response is required. To the extent the Court determines a response is required, Defendant denies the same.

34. Defendant admits the averments set forth in paragraph 34 of Plaintiffs' Second Amended Complaint for Damages.

35. Defendant denies the averments set forth in paragraph 35 of Plaintiffs' Second Amended Complaint for Damages. Further answering, paragraph 35 of Plaintiffs' Second Amended Complaint for Damages includes numerous legal conclusions to which no response is required.

36. Defendant denies the averments set forth in paragraph 36 of Plaintiffs' Second Amended Complaint for Damages.

37. Defendant denies the averments set forth in paragraph 37 of Plaintiffs' Second Amended Complaint for Damages.

38. Defendant denies the averments set forth in paragraph 38 of Plaintiffs' Second Amended Complaint for Damages.

**WHEREFORE,** having fully answered Count II of Plaintiffs' Second Amended Complaint for Damages, Defendant requests that judgment be entered in its favor and against Plaintiffs on each count and further requests the Court to award Defendant its costs and attorney's fees in this action.

## PRAYER FOR RELIEF

A. Defendant denies the averments set forth in paragraph (A) of Plaintiffs' Prayer for Relief.

B. Defendant denies the averments set forth in paragraph (B) of Plaintiffs' Prayer for Relief.

C. Defendant denies the averments set forth in paragraph (C) of Plaintiffs' Prayer for Relief.

D. Defendant denies the averments set forth in paragraph (D) of Plaintiffs' Prayer for Relief.

**WHEREFORE,** having fully answered Count I and Count II of Plaintiffs' Second Amended Complaint for Damages, Defendant requests that judgment be entered in its favor and against Plaintiffs on each count and further requests the Court to award Defendant its costs and attorney's fees in this action.

## AFFIRMATIVE DEFENSES

1. Further answering, Defendant states Plaintiffs have failed to state a claim upon which relief can be granted.

2. Further answering Defendant states all claims set forth in Plaintiffs' Second Amended Complaint for Damages are barred by the doctrines of acquiescence, waiver, laches, estoppel, and unclean hands.

3. Further answering, Defendant states Plaintiffs' claims are barred by accord and satisfaction.

4. Further answering, Defendant states Plaintiffs failed to mitigate their damages.

5. Further answering, Defendant states Plaintiffs have failed to plead their state claims and federal claims in the alternative and that Plaintiffs are not entitled to relief under both.

6. Defendant reserves the right to assert any additional affirmative defenses as may be revealed during the course of discovery.

Respectfully submitted,

**SPENCER FANE LLP**

By: /s/ *Rachel A. Riso*

Rachel A. Riso, Mo Bar No. 57145
2144 E. Republic Road, Ste. B300
Springfield, MO 65804
Telephone: (417) 888-1000
Facsimile (417) 881-8035
rriso@spencerfane.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November 2026, I electronically filed a true and correct copy of this document with the Clerk of the United States District Court, Western District of Missouri, by using the Missouri e-Filing System. Participants in the case who are registered users will be served by the Missouri e-Filing System. A copy was also mailed to:

Leslie Dennis Mannon and Sheila Lynn Mannon
25641 Ortega Drive
Lebanon, MO 65536
Pro-Se Plaintiffs

*/s/ Rachel A. Riso*
Attorney of Record