IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LESLIE DENNIS MANNON, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-03518-MDH** |
| | ) | |
| **CITY OF LEBANON, MISSOURI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**STIPULATED PROTECTIVE ORDER**

This Protective Order is entered by agreement (Doc. 18) of the parties—that is, Plaintiffs Leslie Dennis Mannon and Shelia Lynn Mannon and Defendant City of Lebanon, Missouri. Based on this agreement, and pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Protective Order.

**IT IS HEREBY ORDERED:**

1. As used in this Protective Order (the "Order"), the term "Discovery Material" shall encompass all information produced or obtained by any party during discovery in this suit. "Producing party" and "designating party" may include any person, whether or not a party, who provides discovery material. "Suit" means the above-styled pending lawsuit.

2. This Order is binding upon the parties to the Suit, their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order.

3. Any party to this action and any third party who produces documents or provides testimony or other information pursuant to formal or informal discovery requests, may designate Discovery Material produced by that party as "**Confidential Information**," provided it is not already in the public domain. Confidential Information shall include proprietary information; financial information; employment information of city employees, including but not limited to,

personally identifiable information of employees such as his or her name or email address, applications for employment, and other personnel records; all records qualified to be treated as closed records under the Missouri Sunshine Act, §610.021, RSMo; information that is subject to a confidentiality agreement; other internal documents prepared by or for the producing party that contain confidential information; and any other information reasonably qualified to be designated as confidential by any of the parties. Confidential Information shall be controlled strictly by this Order, and no disclosure whatsoever of Confidential Information, by any person who has received it through this litigation, can be made except in accordance with the requirements of this Order.

4. A party or a third party may designate discovery that it believes in good faith qualifies for protection as Confidential Information by the following means:

A. Documents, answers to interrogatories, and answers to requests for admissions. At the time of production or disclosure, the designating party shall mark Confidential Information: "Confidential Information—Subject to Protective Order," "Confidential Information," "Confidential," or with a legend that makes clear the designating party's intention to bring the document or response within the scope of this Order. A designation on the first page of a document is sufficient to bring the entire document within the scope of this Order.

B. Testimony. The designating party may designate testimony or exhibits as Confidential Information by making a statement to that effect on the record when the testimony is given or by identifying, within ten (10) days of receipt of the transcript, by reference to pages and lines, the portions of the transcript that reflect Confidential Information. In addition, corrections, additions, or deletions to portions of a transcript that the designating party wishes to designate as Confidential Information may be identified by

page and line references, within ten (10) days of the assertion or receipt of such modifications by the designating party. Designations made after a deposition shall be made by written notice served on all counsel of record. For ten (10) days after the receipt, the entire transcript of any deposition shall be treated as Confidential Information. Within twenty (20) days after receipt of the transcript, the parties' counsel and the court reporter who transcribes the deposition testimony shall make reasonable arrangements to maintain the confidentiality of any deposition testimony or exhibits designated as Confidential Information in accordance with the terms of this Order. These arrangements may include the marking of transcript pages, covers or exhibits, and other measures to preclude the disclosure of Confidential Information to other than qualified persons.

5. Any party to this action may challenge any designation of Confidential Information. The party proposing to make such a challenge shall give the designating party written notice specifically setting forth the grounds for the challenge to the Confidential Information designation not less than ten (10) business days before filing any motion challenging any Confidential Information designation. During the notice period, the objecting party shall confer with the designating party in a good faith effort to resolve the dispute without filing a motion. If the good faith effort informally to resolve the dispute fails, any party may challenge by motion any designation of a document or of testimony as Confidential Information.

6. Unless and until the Court rules that discovery designated as Confidential Information shall not be treated as Confidential Information, persons who receive discovery so designated shall use it only for the purposes of this action and shall not disclose it, except to the following persons:

A. Named parties;

B. Attorneys of record in this action, including attorneys of “Of Counsel” status;

C. Persons employed by the attorneys of record in this action, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action with the understanding that such persons are also bound by this Order;

D. Independent experts or consultants retained by a party or an attorney of record for purposes of this litigation, to the extent necessary to perform specific duties in connection with this action with the understanding that such persons are also bound by this Order, and who have executed Exhibit A;

E. Deponents;

F. Potential witnesses who would or may have seen or generated the Confidential Information previously due to their employment or other occupational circumstances; and

G. Potential witnesses who would or may have seen the incident described in Plaintiffs’ Petition.

7. An attorney of record or party who permits a person qualified under paragraph 7(D), 7(E) or 7(G) to access Confidential Information received through discovery in this action shall first inform the recipient of the terms of this Order, advise the recipient that he or she is bound by its terms, and obtain the agreement of the recipient not to make further disclosure of the Confidential Information. In addition, with respect to any expert, consultant, or witness to whom Confidential Information received through discovery in this action is disclosed, the attorney of record or party making such disclosure shall first obtain from the recipient an executed certificate in the form attached as Exhibit A.

8. All Confidential Information, including references that disclose the substance of Confidential Information in briefs, memoranda and other written submissions, filed with the Court in this action shall be filed under seal and shall remain sealed until further Order of Court or receipt by the Court of written consent of the producing party to unseal Confidential Information. Such filings shall be made in a sealed envelope bearing the caption of this action, a brief description of the contents of the envelope and a statement in substantially the following form:

CONFIDENTIAL INFORMATION

THIS ENVELOPE CONTAINS CONFIDENTIAL

INFORMATION AND IS SEALED PURSUANT TO COURT ORDER.

IT IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISCLOSED BY

ANYONE EXCEPT UPON ORDER OF THIS COURT.

9. In the event a person who has received Confidential Information subject to this Order (a) is subpoenaed in another action; (b) is served with a demand in another action to which the person is a party; or (c) is served with any other legal process by one not a party to this action, that seeks Confidential Information, he, she, or it shall give prompt written notice of the receipt of such subpoena, demand or other legal process to the designating party and its counsel, and upon request, shall cooperate with the designating party in its efforts to obtain an appropriate order protecting the Confidential Information from disclosure.

10. Prior to the use of any Confidential Information at any pretrial hearing or at trial, counsel or a party who desires to use such Confidential Information shall take reasonable steps to afford the designating party the opportunity to object to disclosure of the Confidential Information in open court.

11. Upon the termination of this Litigation (a) all Confidential Information shall be returned to the producing party, or (b) the discovering party can elect to destroy all Confidential Information and certify its destruction to the producing counsel. No copies of Confidential Information in any form shall be retained by any party other than producing counsel. This paragraph shall not apply to deposition transcripts.

12. This Order shall survive the final conclusion of this action, subject to the terms of this Protective Order and shall continue in full force and effect. The Court shall retain jurisdiction over the parties, and any other person bound by this Order, to enforce any of its provisions.

**IT IS SO ORDERED**.
DATED: November 12, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LESLIE DENNIS MANNON, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-03518-MDH** |
| | ) | |
| **CITY OF LEBANON, MISSOURI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Declaration of ________________________ under stipulated discovery confidentiality order

I, _______________________, being duly sworn, declare as follows:

1. My address is ________________________________________.

2. My present employer is ____________________________________________.

3. My present occupation or job description is ____________________________.

4. I hereby acknowledge that: (i) I have been given a copy of the Protective Order ("Order") in the above-referenced case; (ii) I carefully read the Order; and (iii) I understand and am familiar with the terms of the Order.

5. I will comply with all of the provisions of the Order. I will hold all Confidential Discovery Material disclosed to me, including the substance and any copy or summary abstract, in confidence, and will not disclose such material to anyone not qualified under the Order. I will not use Confidential Discovery Material for any purposes other than this case.

6. I will return all Confidential Discovery Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7. I hereby submit to the jurisdiction of the above United States District Court for the purpose of enforcement of the Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

______________________________

Print

______________________________

Sign and Date